UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA N. MADISON,

    Plaintiff,

v.                                                         Case No: 6:16-cv-91-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant, the Commissioner of Social Security's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand to Defendant (Doc. 15). The Commissioner requests that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the administrative law judge can

> … further consider Plaintiff's alleged mental impairments at steps two and three using the psychiatric review technique; further consider the medical evidence provided by Raena Baptiste-Boles, Psy.D., pursuant to the provisions of 20 CFR § 416.927 and Social Security Rulings 96-6p, and explain the weight given to such opinion evidence; further evaluate the claimant's maximum residual functional capacity, with specific reference to the opinion evidence of record (20 CFR § 416.945 and Social Security Rulings 85-16 and 96-8p); and, if warranted, obtain supplemental evidence from a vocational expert (20 CFR 416.966 and Social Security Ruling 00-4p).

(Id., at 2). Pursuant to M.D. FLA. R. 3.01(g), counsel for the Commissioner represents that Plaintiff's attorney has been contacted and has no objection to the requested relief.

The two "exclusive methods in which district courts may remand to the Secretary are set forth in sentence four and sentence six of 42 U.S.C. § 405(g)" Shalala v.

Schaefer, 509 U.S. 292, 296,113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Under sentence four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action …." 42 U.S.C. § 405(g). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Shalala, 509 U.S. at 297. The Eighth Circuit has observed that "[a] substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands." Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002) (citing Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)).

The Commissioner seeks remand pursuant to sentence four (Doc. 12, at 1-2). Under sentence four, the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala, 509 U.S. at 292. The failure of the administrative law judge to fully develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). A sentence-four remand may also be appropriate to allow the Commissioner to explain the basis for her administrative decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the administrative law judge to explain the basis for the determination that the claimant's

depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). Upon remand of the case under sentence-four, the administrative law judge must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the administrative law judge on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the administrative law judge should consider on remand the need for an orthopedic evaluation). The Commissioner's recognition that the administrative law judge needs to further develop the record and issue a new decision is a good ground for remand under sentence four. Accordingly, I respectfully recommend the Court:

    1. **Grant** the Commissioner's motion (Doc.15);

    2. **Reverse and remand** this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g);

    3. **Advise** the parties that it is expected that on remand, the administrative law judge will more fully develop the record, consider any new, updated or additional evidence for the relevant time period, and issue a new decision;

    4. **Direct** the Clerk to **enter judgment** accordingly, **terminate** any pending motions, and **close** the file; and

    5. **Advise** Plaintiff that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. And, **direct** that upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC

attorney who prepared the Government's brief to advise that the notice has been received.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on August 9, 2016.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record